UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
(Louisville)

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> MUKHLIS MAMEDOV, ZAMIRA MAMEDOVA and PYRAMID TRANSPORT LLC, <br><br> Defendants. | Case No. 3:21-CV-47-RGJ <br><br> **FILED** <br> JAMES J. VILT, CLERK <br><br> JAN 26 2021 <br><br> U.S. DISTRICT COURT <br> WEST'N. DIST. KENTUCKY |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff BMO HARRIS BANK N.A. ("BHB"), for its Complaint for Breach of Contract against Defendants Mukhlis Mamedov ("Mukhlis"), Zamira Mamedova ("Zamira") and Pyramid Transport LLC ("PTL") alleges and states as follows:

### PARTIES

1. Plaintiff BHB is a corporation and national bank association with its principal place of business in Chicago with an office at 111 W. Monroe Street, Chicago, Illinois 60603.

2. Mukhlis is an individual, whose address is located at 3504 Briarglen Lane, Louisville, Kentucky 40220. Mukhlis is domiciled, a resident and a citizen of the Western District of Kentucky for diversity purposes.

3. PTL is a limited liability company organized and existing pursuant to the rules and laws of the State of Kentucky and has a principal place of business located at 3504 Briarglen Road, Louisville, Kentucky 40220, and as such, is within the Western District of Kentucky. PTL is owned one hundred percent by Zamira as the sole member. As such, its citizenship is that of Zamira, set forth below.

4. Zamira is an individual, whose address is located at 3504 Briarglen Lane, Louisville, Kentucky 40220. Zamira is domiciled, a resident and a citizen of the Western District of Kentucky for diversity purposes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity in citizenship and there is an amount in controversy that exceeds $75,000.

6. This judicial district is proper venue for this proceeding pursuant to 28 U.S.C. §1391(b)(2), as the Defendants reside, live or do business in the Western District of Kentucky and as a substantial part of the events giving rise to the cause of action, including signing of the contracts at issue, occurred in the Western District of Kentucky.

## BACKGROUND

*Loan and Security Agreement 1*

7. On or about August 31, 2018, Mukhlis entered into a Loan & Security Agreement (hereinafter "Agreement 1") with BHB in the total amount of $177,674.00, attached hereto as **Exhibit A,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/730 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EJXGN961130 |

8. Pursuant to Agreement 1, Mukhlis agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 1") beginning on or about November 1, 2016 for a term of 74 months.

9. Mukhlis used Equipment 1 at its address located at 3504 Briarglen Lane, Louisville, Kentucky 40220.

10. Pursuant to Agreement 1, Mukhlis was obligated to pay a minimum monthly payment of $2,401.00.

2

11. Pursuant to paragraph 5.1 of Agreement 1, entitled "Events of Default", Mukhlis will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

12. Pursuant to paragraph 5.2 of Agreement 1, entitled "Remedies," upon default by Mukhlis, BHB may "declare the indebtedness hereunder to be immediately due and payable."

13. On or about July 1, 2020, Mukhlis defaulted under the terms of Agreement 1 by failing to make the minimum monthly payment.

*Loan and Security Agreement 2*

14. On or about February 6, 2017, Mukhlis entered into a Loan & Security Agreement (hereinafter "Agreement 2") with BHB in the total amount of $176,000.40, attached hereto as **Exhibit B,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/730 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EJ5GN962234 |

15. Pursuant to Agreement 2, Mukhlis agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 2") beginning on or about April 1, 2017 for a term of 72 months.

16. Mukhlis used Equipment 2 at its address located at 3504 Briarglen Lane, Louisville, Kentucky 40220.

17. Pursuant to Agreement 2, Mukhlis was obligated to pay a minimum monthly payment of $2,444.45.

18. Pursuant to paragraph 5.1 of Agreement 2, entitled "Events of Default", Mukhlis will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

3

19. Pursuant to paragraph 5.2 of Agreement 2, entitled "Remedies," upon default by Mukhlis, BHB may "declare the indebtedness hereunder to be immediately due and payable."

20. On or about July 1, 2020, Mukhlis defaulted under the terms of Agreement 2 by failing to make the minimum monthly payment.

### *Loan and Security Agreement 3*

21. On or about February 24, 2017, Mukhlis entered into a Loan & Security Agreement (hereinafter "Agreement 3") with BHB in the total amount of $177,173.28, attached hereto as **Exhibit C,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/730 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EJ4GN945943 |

22. Pursuant to Agreement 3, Mukhlis agreed to make monthly payments for the purchase of the above Equipment (herein "Equipment 3") beginning on or about May 1, 2017 for a term of 72 months.

23. Mukhlis used Equipment 3 at its address located at 3504 Briarglen Lane, Louisville, Kentucky 40220.

24. Pursuant to Agreement 3, Mukhlis was obligated to pay a minimum monthly payment of $2,460.74.

25. Pursuant to paragraph 5.1 of Agreement 3, entitled "Events of Default", Mukhlis will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

26. Pursuant to paragraph 5.2 of Agreement 3, entitled "Remedies," upon default by Mukhlis, BHB may "declare the indebtedness hereunder to be immediately due and payable."

27. On or about July 1, 2020, Mukhlis defaulted under the terms of Agreement 3 by failing to make the minimum monthly payment.

*Loan Amortization Schedules*

28. On or about April 30, 2020, BHB and Mukhlis executed a Modification Agreement containing multiple Loan Amortization Schedules, attached hereto as **Exhibit D**, incorporating a new payment schedule.

*Continuing Guaranty - Zamira*

29. Zamira executed a Continuing Guaranty ("the Zamira Guaranty") personally and unconditionally guarantying her performance on all of Mukhlis' present and future liabilities, obligations and indebtedness to BHB. A true and accurate copy of the Zamira Guaranty is attached hereto as **Exhibit E**.

30. Pursuant to the Zamira Guaranty, Zamira agreed to the prompt payment and performance of all obligations, liabilities and undertakings of Mukhlis to BHB.

31. Zamira, as personal guarantor of the debts of Mukhlis, has failed to cure the default of Mukhlis.

*Continuing Guaranties - PTL*

32. PTL executed multiple Continuing Guaranties ("the PTL Guaranties") personally and unconditionally guarantying their performance on all of Mukhlis' present and future liabilities, obligations and indebtedness to BHB. True and accurate copies of the PTL Guaranties are attached hereto as **Exhibit F**.

33. Pursuant to the PTL Guaranties, PTL agreed to the prompt payment and performance of all obligations, liabilities and undertakings of Mukhlis to BHB.

34. PTL, as personal guarantor of the debts of Mukhlis, has failed to cure the default of Mukhlis.

## COUNT I: BREACH OF CONTRACT (LOAN AND SECURITY AGREEMENTS)

35. BHB incorporates by reference Paragraphs 1 through 34, as if set forth at length herein.

36. BHB and Mukhlis entered into valid contracts (Agreements 1 through 3, collectively the "Agreements") wherein Mukhlis agreed to make monthly payments to BHB for use of Equipment 1 through 4 (collectively the "Equipment").

37. Mukhlis defaulted on the terms of the Agreements and therefore is in default for failure to pay.

38. BHB sustained significant damages in the amount of $250,220.66 due to Mukhlis' breach and default of the Agreements.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A., demands the following relief against Defendant Mukhlis Mamedov compensatory damages in the amount of $250,220.66, as well as interest, reasonable attorneys' fees and costs; and such other relief as the Court may deem equitable and just.

## COUNT II: BREACH OF CONTRACT (CONTINUING GUARANTY)

39. Plaintiff incorporates by reference Paragraphs 1 through 38, as if set forth at length herein.

40. The Zamira Guaranty represents a contractual agreement between BHB and Zamira.

41. By executing the Zamira Guaranty, Zamira guarantied the repayment of all amounts due under the Agreements and expressly agreed, and is obligated, to pay BHB's reasonable attorney fees and costs of any action upon his default.

**WHEREFORE**, Plaintiff, BMO Harris N.A., demands judgment against Defendant

Zamira Mamedova in the amount of $250,220.66, as well as reasonable attorney fees and costs and such other relief as the court may deem equitable and just.

### COUNT III: BREACH OF CONTRACT (CONTINUING GUARANTIES)

42. Plaintiff incorporates by reference Paragraphs 1 through 41, as if set forth at length herein.

43. The PTL Guaranties represent contractual agreements between BHB and PTL.

44. By executing the PTL Guaranties, PTL guarantied the repayment of all amounts due under the Agreements and expressly agreed, and is obligated, to pay BHB's reasonable attorney fees and costs of any action upon his default.

**WHEREFORE**, Plaintiff, BMO Harris N.A., demands judgment against Defendant Pyramid Transport LLC in the amount of $250,220.66, as well as reasonable attorney fees and costs and such other relief as the court may deem equitable and just.

### COUNT IV: REPLEVIN

45. Plaintiff incorporates by reference Paragraphs 1 through 44, as if set forth at length herein.

46. Pursuant to paragraph 5.2 of the Agreements, upon default by Mukhlis, BHB may "exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to require Debtor to assemble the Equipment and deliver it to Lender at a place to be designated by Lender and to enter any premises where the Equipment may be without judicial process and take possession thereof."

47. BHB has notified Mukhlis of its intention to exercise its right to repossess the Equipment pursuant to the terms of the Agreements.

48. In response, Mukhlis has refused, and continues to refuse BHB access to the Equipment. Mukhlis is denying BHB access to the following unrecovered Equipment:

7

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/730 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EJXGN961130 |
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/730 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EJ5GN962234 |
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/730 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EJ4GN945943 |

49. Mukhlis defaulted on the terms of the Agreements and therefore is in default for failure to pay.

50. Plaintiff's interest therein will be adversely affected by the continued use by the Defendants of the Equipment due to wear and tear as well as depreciation.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A., demands the following relief against Defendants, Mukhlis and Zamira, a judgment in favor of the Plaintiff and against the Defendants for possession of the Equipment; and an award of attorneys' fees and costs as provided for by written agreement, and reasonable costs, and such other relief, as the Court may deem equitable and just.

Date: January 13, 2021

**WONG FLEMING, P.C.**
*Attorneys for Plaintiff BMO Harris Bank N.A.*

By: _____
James K. Haney (Bar No. 29311991)
821 Alexander Road, Suite 200
Princeton, NJ 08543
Tel: (609) 951-9520
Fax: (609) 951-0270
Email: jhaney@wongfleming.com

8

